**CALDARELLI HEJMANOWSKI & PAGE LLP**
William J. Caldarelli (SBN #149573)
Ben West (SBN #251018)
12340 El Camino Real, Suite 430
San Diego, CA  92130
Tel: (858) 720-8080
Fax: (858) 720-6680
wjc@chplawfirm.com
dbw@chplawfirm.com

**FABIANO LAW FIRM, P.C.**
Michael D. Fabiano (SBN #167058)
12526 High Bluff Drive, Suite 300
San Diego, CA  92130
Telephone:  (619) 742-9631
mdfabiano@fabianolawfirm.com

**OSBORNE LAW LLC**
John W. Osborne (*Pro Hac Vice* App. Pending)
33 Habitat Lane
Cortlandt Manor, NY  10567
Telephone:  (914) 714-5936
josborne@osborneipl.com

**WATTS LAW OFFICES**
Ethan M. Watts (SBN #234441)
12340 El Camino Real, Suite 430
San Diego, CA  92130
Telephone:  (858) 509-0808
emw@ewattslaw.com

Attorneys for Plaintiff Ameranth, Inc.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERANTH, INC.,<br><br>                 Plaintiff,<br><br>   v.<br><br>OPENTABLE, INC.,<br><br>                Defendant. | Case No.  **'13CV1840 GPC BLM**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR PATENT INFRINGEMENT**

# COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Ameranth, Inc. ("Ameranth"), for its Complaint against defendant OpenTable, Inc. ("OpenTable"), avers as follows:

## PARTIES

1.      Plaintiff Ameranth is a Delaware corporation having a principal place of business at 5820 Oberlin Drive, Suite 202, San Diego, California 92121. Ameranth develops, manufactures and sells, *inter alia*, hospitality industry, entertainment, restaurant and food service information technology solutions under the trademarks 21st Century Communications™, and 21st Century Restaurant™, among others, comprising the synchronization and integration of hospitality information and hospitality software applications between fixed, wireless and/or internet applications, including but not limited to computer servers, web servers, databases, affinity/social networking systems, desktop computers, laptops, "smart" phones and other wireless handheld computing devices.

2.      Defendant OpenTable, Inc. ("OpenTable") is, on information and belief, a Delaware corporation having a principal place of business in San Francisco, California. On information and belief, OpenTable makes, uses, offers for sale or license and/or sells or licenses restaurant and foodservice information technology products, software, components and/or systems within this Judicial District, including the OpenTable System as defined herein. As is explained herein, OpenTable's already widespread infringement of Ameranth's patents has significantly expanded recently -- with new product introductions including its entirely new "Next Generation" system, new mobile payment processing functionality, and integration with Apple's Siri voice recognition features on iPhone, iPod Touch and iPad devices.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 271, 281-285.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. On information and belief, Defendant engages in (a) the offer for sale or license and sale or license of hospitality, restaurant, food service, reservation, ordering, products and/or components in the United States, including this Judicial District, including services, products, software, and components, comprising wireless and internet POS and/or hospitality aspects; (b) the installation and maintenance of said services, products, software, components and/or systems in hospitality industry, restaurant, food service, and/or entertainment information technology systems in the United States, including this Judicial District; and/or (c) the use of hospitality industry, restaurant, food service, and/or entertainment information technology systems comprising said services, products, software, components and/or systems in the United States, including this Judicial District.

6. This Court has personal jurisdiction over Defendant because Defendant commits acts of patent infringement in this Judicial District including, *inter alia*, making, using, offering for sale or license, and/or selling or licensing infringing services, products, software, components and/or systems in this Judicial District.

7. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## BACKGROUND

8. Ameranth was established in 1996 to develop and provide its 21st Century Communications™ innovative information technology solutions for the hospitality industry (inclusive of, e.g., restaurants, hotels, casinos, nightclubs, cruise ships and other entertainment and sports venues). Ameranth has been

**COMPLAINT FOR PATENT INFRINGEMENT**

widely recognized as a technology leader in the provision of wireless and internet-based systems and services to, *inter alia*, restaurants, hotels, casinos, cruise ships and entertainment and sports venues. Ameranth's award winning inventions enable, in relevant part, generation and synchronization of menus, including but not limited to restaurant menus, event tickets, reservations and other products across fixed, wireless and/or internet platforms as well as synchronization of hospitality information and hospitality software applications across fixed, wireless and internet platforms, including but not limited to, computer servers, web servers, databases, affinity/social networking systems, desktop computers, laptops, "smart" phones and other wireless handheld computing devices.

9. Ameranth began development of the inventions leading to the patents in this patent family in the late Summer of 1998, at a time when the then-available wireless and internet hospitality offerings were extremely limited in functionality, were not synchronized and did not provide an integrated system-wide solution to the pervasive ordering, reservations, affinity program and information management needs of the hospitality industry. Ameranth uniquely recognized the actual problems that needed to be resolved in order to meet those needs, and thereafter conceived and developed its breakthrough inventions and products to provide systemic and comprehensive solutions directed to optimally meeting these industry needs. Ameranth has expended considerable effort and resources in inventing, developing and marketing its inventions and protecting its rights therein.

10. Ameranth's pioneering inventions have been widely adopted and are thus now essential to the modern wireless hospitality enterprise of the 21st Century. Ameranth's solutions have been adopted, licensed and/or deployed by numerous entities across the hospitality industry.

**COMPLAINT FOR PATENT INFRINGEMENT**

11.      The adoption of Ameranth's technology by industry leaders and the wide acclaim received by Ameranth for its technological innovations are just some of the many confirmations of the breakthrough aspects of Ameranth's inventions.  Ameranth has received twelve different technology awards (three with "end customer" partners) and has been widely recognized as a hospitality wireless/internet technology leader by almost all major national and hospitality print publications, *e.g.*, The Wall Street Journal, New York Times, USA Today and many others.  Ameranth was personally nominated by Bill Gates, the Founder of Microsoft, for the prestigious Computerworld Honors Award that Ameranth received in 2001 for its breakthrough synchronized reservations/ticketing system with the Improv Comedy Theatres.  In his nomination, Mr. Gates described Ameranth as "one of the leading pioneers of information technology for the betterment of mankind."  This prestigious award was based on Ameranth's innovative synchronization of wireless/web/fixed hospitality software technology.  Subsequently, the United States Patent and Trademark Office granted Ameranth a number of currently-issued patents, some which are the basis for this lawsuit.  Ameranth has issued press releases announcing these patent grants on business wires, on its web sites and at numerous trade shows since the first of the presently-asserted patents issued in 2002.  A number of companies have licensed patents and technology from Ameranth, recognizing the value of Ameranth's innovations.  At all relevant times, Ameranth marked its own products with the numbers of the Ameranth patents then issued, thereby providing companies, competitors and participants in the hospitality industry with notice of Ameranth's patents.  Furthermore, companies that license Ameranth's products have marked their products with Ameranth's patent numbers, thereby also providing notice of Ameranth's patents.

**COMPLAINT FOR PATENT INFRINGEMENT**

12.    The Ameranth patents asserted herein are all in Ameranth's "Information Management and Synchronous Communications" patent family. The first patent in this family is U.S. Patent No. 6,384,850 (the "'850 patent"); the subsequent issued patents in this family are U.S. Patent No. 6,871,325 (the "'325 patent"); U.S. Patent No. 6,982,733 (the "'733 patent"), and U.S. Patent No. 8,146,077 (the "'077 patent").

13.    Ameranth is also currently asserting three of these four patents against OpenTable and some or all of them against other defendants in actions that are already pending in this Court. The first-filed lawsuit asserts claims of the '850 and '325 patents against several defendants, including OpenTable, and is entitled *Ameranth v. Pizza Hut, Inc. et al.*, Case No. 3:11-cv-01810-JLS-NLS. Lawsuits subsequently filed by Ameranth in this Court, asserting claims of the '077 patent, include Case Nos. 3:12-cv-00729-JLS-NLS; 3:12-cv-00731-JLS-NLS; 3:12-cv-00732-JLS-NLS; 3:12-cv-00733-JLS-NLS; 3:12-cv-00737-JLS-NLS; 3:12-cv-00738-JLS-NLS (settled); 3:12-cv-00739-JLS-NLS and 3:12-cv-00742-JLS-NLS. Other lawsuits filed by Ameranth in this Court asserting claims of the '850, '325, and '077 patents are Case No. 3:12-cv-00858-JLS-NLS; 3:12-cv-1201-JLS-NLS (settled): 3:12-cv-01627-JLS-NLS; 3:12-cv-01629-JLS-NLS; 3:12-cv-01630-JLS-NLS; 3:12-cv-01631-JLS-NLS; 3:12-cv-01633-JLS-NLS; 3:12-cv-01634-JLS-NLS; 3:12-cv-01636-JLS-NLS; 3:12-cv-01640-JLS-NLS; 3:12-cv-01642-JLS-NLS; 3:12-cv-01643-JLS-NLS; 3:12-cv-01644-JLS-NLS; 3:12-cv-01646-JLS-NLS 3:12-cv-01647-JLS-NLS (settled); 3:12-cv-01648-JLS-NLS; 3:12-cv-01649-JLS-NLS; 3:12-cv-01650-JLS-NLS; 3:12-cv-01652-JLS-NLS; 3:12-cv-01653-JLS-NLS; 3:12-cv-01654-JLS-NLS; 3:12-cv-01655-JLS-NLS; 3:12-cv-01656-JLS-NLS; 3:12-cv-01659-JLS-NLS; 3:13-cv-00350-JLS-NLS; 3:13-cv-00352-JLS-NLS; 3:13-cv-00353-JLS-NLS; 3:13-cv-0836-JLS-NLS; 3:13-cv-01072-MMA-BGS; and 3:13-cv-1525 MMA (WMc). All of the

**COMPLAINT FOR PATENT INFRINGEMENT**

above still-pending cases have been consolidated for pre-trial through claim construction except for 3:13-cv-00350-JLS-NLS; 3:13-cv-00352-JLS-NLS; 3:13-cv-00353-JLS-NLS; 3:13-cv-0836-JLS-NLS; 3:13-cv-01072-MMA-BGS; and 3:13-cv-1525 MMA (WMc).

14.     The original complaint asserting patents in this Amaranth patent family against OpenTable was filed in this Court on August 15, 2011, and was served on OpenTable shortly thereafter.  At least since that time, OpenTable has had direct knowledge of Amaranth's patents and that OpenTable's reservations system infringes those patents as alleged therein.  Nonetheless, OpenTable has continued, and is continuing, to make, use, offer for sale or license and/or sell or license infringing systems, products, and/or services in the United States without authority or license from Amaranth and to engage in acts of infringement as set forth herein.  As is explained herein, OpenTable's already widespread infringement of Amaranth's patents has significantly expanded recently - with new product introductions including OpenTable's  entirely new "Next Generation" system, new mobile payment processing functionality, and integration with Apple's Siri voice recognition features on iPhone, iPod Touch and iPad devices (thus including infringement of Amaranth's `733 patent.)

## COUNT I

**Patent Infringement (U.S. Pat. No. 6,384,850)**

**(35 U.S.C. § 271)**

15.     Plaintiff reiterates and incorporates the allegations set forth in paragraphs 1-14 above as if fully set forth herein.

16.     On May 7, 2002, United States Patent No. 6,384,850 entitled "Information Management and Synchronous Communications System with Menu Generation" ("the '850 patent") (a true and copy of which is attached hereto as **Exhibit A**) was duly and legally issued by the United States Patent & Trademark Office ("USPTO").  The '850 patent meets all patentability requirements of 35

**COMPLAINT FOR PATENT INFRINGEMENT**

U.S.C. §§101, 102, 103 and 112, including patent eligible subject matter, enablement, definiteness, novelty and non-obviousness, as evidenced by the USPTO's thorough review of the disclosure and claims of the '850 patent and allowance of the claims based on said review in light of all applicable law and USPTO rules and guidelines respecting patentability under Title 35.

17.     Plaintiff Ameranth is the lawful owner by assignment of all right, title and interest in and to the '850 patent.

18.     On information and belief, Defendant directly infringes and continues to directly infringe one or more valid and enforceable claims of the '850 patent, in violation of 35 U.S.C. § 271(a), by making, using, offering for sale or license and/or selling or licensing infringing systems, products, and/or services in the United States without authority or license from Ameranth, including but not limited to the "OpenTable System", which, as used herein, means and includes the current and all previous "versions" (from June. 1, 2012 to present, and regardless of whether alleged by OpenTable to be revisions, different versions, or different systems) of the OpenTable system/products/services, including, *inter alia*, OpenTable's new "Next Generation" system, (which is both deployed "live" by numerous customers and also offered for sale (see references in  paragraph 20)), its website, mobile website, iPhone, Android, Windows Phone, BlackBerry and other mobile apps, mobile payments through OpenTable's mobile apps (which is both deployed "live" and also offered for sale (see references in paragraph 20)), integration with point-of sale systems including MICROS and others, wireless and internet restaurant-reservation, table-management, and guest-management integration, online and mobile restaurant reservations via, for example, OpenTable's website and mobile website and mobile apps, integration with e-mail and affinity programs and social media applications such as Facebook, Twitter, Groupon, and YouTube, and/or other third-party web-based and/or mobile-device based applications and other hospitality aspects including

**COMPLAINT FOR PATENT INFRINGEMENT**

integration with, *inter alia*, Locu, Yelp, Siri, Zagat, Venga, Evernote Food, Foursquare, Google Maps, and mobile-phone calendar functions.

19.     On information and belief, the OpenTable System, as deployed and/or used at or from one or more locations by OpenTable, its agents, distributors, partners, affiliates, licensees, restaurant owners/operators, and/or their customers, infringes one or more valid and enforceable claims of the '850 patent, by, *inter alia*, doing or providing the capability for doing at least one of the following: (a) Generating and transmitting menus in a system including a central processing unit, a data storage device, a computer operating system containing a graphical user interface, one or more displayable main menus, modifier menus, and sub-modifier menus, and application software for generating a second menu and transmitting it to a wireless handheld computing device or a Web page; and/or (b) Enabling ticketing/ticket sales/ticket purchases, reservations and other hospitality functions via iPhone, Android, and other internet-enabled wireless handheld computing devices as well as via Web pages, storing hospitality information and data on at least one central database, on at least one wireless handheld computing device, and on at least one Web server and Web page, and synchronizing applications and data, including but not limited to applications and data relating to reservations, between at least one central database, wireless handheld computing devices, and at least one Web server and Web page; utilizing an interface that provides a single point of entry that allows the synchronization of at least one wireless handheld computing device and at least one Web page with at least one central database; allowing information to be entered via Web pages, transmitted over the internet, and automatically communicated to at least one central database and to wireless handheld computing devices; allowing information to be entered via wireless handheld computing devices, transmitted over the internet, and automatically communicated to at least one central database and to Web pages.

**COMPLAINT FOR PATENT INFRINGEMENT**

20.     On information and belief, OpenTable has indirectly infringed and continues to indirectly infringe one or more valid and enforceable claims of the '850 patent, in violation of 35 U.S.C. § 271(b), by actively, knowingly, and intentionally inducing direct infringement by other persons, including restaurant owners and operators and customers of such restaurants, by making, using, offering for sale or license and/or selling or licensing infringing systems, products, and/or services in the United States without authority or license from Ameranth, including but not limited to the OpenTable System as defined herein, in a manner understood and intended to infringe Ameranth's patents. For example, OpenTable regularly advertises, promotes, and encourages the use of OpenTable's integrated system to restaurant owners/operators, and OpenTable's website, mobile website, and mobile apps to restaurant owners/operators and consumers in a manner understood and intended to infringe Ameranth's patents. *See, e.g.*, http://www.opentable.com/opentable-restaurant-management-system#/increase_bookings ; http://www.opentable.com/info/diningrewards.aspx; http://www.opentable.com/mobile/; http://seekingalpha.com/article/1597462-opentable-management-discusses-q2-2013-results-earnings-call-transcript?source=email_rt_article_title ; http://bits.blogs.nytimes.com/2013/07/30/opentable-begins-testing-mobile-payments/? Such statements of inducement appear on OpenTable's website, its advertising, user videos, industry articles, mobile "app stores," etc.

21.     On information and belief, OpenTable infringes by its own actions and through, or in concert with, agents of OpenTable who are under the direction and control of OpenTable by virtue of contractual agreements between OpenTable and such parties including, for example, restaurant owners/operators who benefit from reservations, mobile payments, and other uses of the OpenTable System.

**COMPLAINT FOR PATENT INFRINGEMENT**

22.     On information and belief, defendant OpenTable has indirectly infringed and continues to indirectly infringe one or more valid and enforceable claims of the '850 patent, in violation of 35 U.S.C. § 271(b), by actively, knowingly, and intentionally inducing direct infringement by other persons.

23.     On information and belief, customers of OpenTable, including consumers, restaurant owners/operators, and others, use the OpenTable System in a manner that infringes upon one or more valid and enforceable claims of the '850 patent.  For example, the OpenTable System provides generated menus for selection of locations, restaurants, reservation times, and making restaurant reservations as encompassed by claims of the '850 patent, and synchronizes restaurant-reservation information between wireless handheld mobile devices including smartphones using OpenTable mobile apps and/or accessing OpenTable's website, desktop and laptop computers accessing OpenTable's website, and "back-office" databases and associated servers.  OpenTable provides instruction and direction regarding the use of the OpenTable System and advertises, promotes, and encourages the use of same to restaurant owners/operators and consumers in a manner understood and intended to infringe Ameranth's patents.  See, e.g., the references set forth in paragraph 20 herein.

24.     On information and belief, OpenTable actively induces others to infringe the '850 patent in violation of 35 U.S.C. §271(b) by actively, knowingly and intentionally encouraging, aiding and abetting restaurant owners/operators, customers of OpenTable, and others, including consumers and those businesses and persons identified elsewhere in this complaint, to use the infringing OpenTable System in the United States without authority or license from Ameranth in an infringing manner.  For example, OpenTable regularly advertises, promotes, and encourages the use of OpenTable's integrated system to restaurant owners/operators, and OpenTable's website, mobile website, and mobile apps to

**COMPLAINT FOR PATENT INFRINGEMENT**

restaurant owners/operators and consumers.  See, e.g., the references set forth in paragraph 20 herein.

25.    OpenTable has been aware of Ameranth's patent family which includes this patent well before the complaint in this action was filed.  Two of the patents in this Ameranth patent family have been asserted in a prior action against OpenTable and other defendants filed on August 15, 2011, as noted above, and a subsequent action against OpenTable (on the '077 patent) was filed on March 27, 2012.  Ameranth has served OpenTable with infringement contentions in those previously filed further detailing OpenTable's infringement of Ameranth's patents.  Further, on information and belief, OpenTable had knowledge of Ameranth's patent family, including this patent, due to the widespread recognition Ameranth has received for its pioneering inventions as evidenced by the twelve different technology awards Ameranth has received, media recognition in The Wall Street Journal, New York Times, and USA Today, Bill Gates' nomination of Ameranth for the Computerworld Honors Award, and the numerous press releases Ameranth has issued over the years.  OpenTable has thus obtained the level of knowledge required to support a claim for inducement of infringement regarding OpenTable's actions involving the OpenTable System, as detailed herein.

26.    On information and belief, OpenTable contributorily infringes and continues to contributorily infringe one or more valid and enforceable claims of the '850 patent, in violation of 35 U.S.C. § 271(c), by making, using, offering to sell and/or selling components of systems on which claims of the '850 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '733 patent and therefore have no substantial non-infringing use.

27.    By making, distributing, selling, offering, offering to sell or license and/or selling or licensing the OpenTable System, OpenTable provides non-staple articles of commerce to others, including those businesses and persons identified

**COMPLAINT FOR PATENT INFRINGEMENT**

elsewhere in this complaint, for use in infringing systems, products, and/or services. Additionally, OpenTable provides instruction and direction regarding the use of the OpenTable System and advertises, promotes, and encourages the use of same in a manner understood and intended to infringe Ameranth's patents. For example, OpenTable regularly advertises, promotes, and encourages the use of OpenTable's integrated system to restaurant owners/operators, and OpenTable's website, mobile website, and mobile apps to restaurant owners/operators and consumers. See, e.g., the references set forth in paragraph 20 herein. Users of the OpenTable System directly infringe one or more valid and enforceable claims of the '850 patent, for the reasons set forth hereinabove.

28. OpenTable has been aware of Ameranth's patent family which includes this patent well before this complaint was filed. Two of the patents in this Ameranth patent family have been asserted in a prior action against OpenTable and other defendants filed on August 15, 2011, as noted above, and a subsequent action against OpenTable (on the '077 patent) was filed on March 27, 2012. Ameranth has served OpenTable with infringement contentions in those previously filed actions further detailing OpenTable's infringement. Further, on information and belief, OpenTable had knowledge of Ameranth's patent family, including this patent, due to the widespread recognition Ameranth has received for its pioneering inventions as evidenced by the twelve different technology awards Ameranth has received, media recognition in The Wall Street Journal, New York Times, and USA Today, Bill Gates' nomination of Ameranth for the Computerworld Honors Award, and the numerous press releases Ameranth has issued over the years. OpenTable has thus obtained the level of knowledge required to support a claim for contributory infringement regarding OpenTable's actions involving the OpenTable System as detailed herein.

29. On information and belief, the aforesaid infringing activities of OpenTable have been done with knowledge and willful disregard of Ameranth's

**COMPLAINT FOR PATENT INFRINGEMENT**

patent rights, making this an exceptional case within the meaning of 35 U.S.C. § 285. As detailed above, OpenTable has had knowledge of the patent family which includes this patent since at least August 2011, well before the filing of the complaint in this action. Further, on information and belief, OpenTable was also aware of the Ameranth patents due to the widespread recognition Ameranth has received for its pioneering inventions as detailed above. OpenTable has thus obtained the level of knowledge required to support a claim for willful infringement. OpenTable's deliberate decision to continue its infringing activities after obtaining said knowledge constitutes objectively reckless behavior justifying a finding of willfulness.

30. If OpenTable does not cease and desist the aforesaid infringing activities, and instead continues to infringe valid and enforceable claims of the '850 patent after the date of filing and/or service of this complaint, then such infringing actions will have been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

31. The aforesaid infringing activity of OpenTable has directly and proximately caused damage to plaintiff Ameranth, including loss of profits from sales or licensing revenues it would have made but for the infringements. Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

## COUNT II

### Patent Infringement (U.S. Pat. No. 6,871,325)

### (35 U.S.C. § 271)

32. Plaintiff reiterates and reincorporates the allegations set forth in paragraphs 1-31 above as if fully set forth herein.

33. On March 22, 2005, United States Patent No. 6,871,325 entitled "Information Management and Synchronous Communications System with Menu

**COMPLAINT FOR PATENT INFRINGEMENT**

Generation" ("the '325 patent") (a true and correct copy of which is attached hereto as **Exhibit B**) was duly and legally issued by the USPTO. The '325 patent meets all patentability requirements of 35 U.S.C. §§101, 102, 103 and 112, including patent eligible subject matter, enablement, definiteness, novelty and non-obviousness, as evidenced by the USPTO's thorough review of the disclosure and claims of the '325 patent and allowance of the claims based on said review in light of all applicable law and USPTO rules and guidelines respecting patentability under Title 35.

34.     Plaintiff Ameranth is the lawful owner by assignment of all right, title and interest in and to the '325 patent.

35.     On information and belief, Defendant directly infringes and continues to directly infringe one or more valid and enforceable claims of the '325 patent, in violation of 35 U.S.C. § 271(a), by making, using, offering for sale or license and/or selling or licensing infringing systems, products, and/or services in the United States without authority or license from Ameranth, including but not limited to the OpenTable System.

36.     On information and belief, the OpenTable System, as deployed and/or used at or from one or more locations by OpenTable, its agents, distributors, partners, affiliates, licensees, restaurant owners/operators, and/or their customers, infringes one or more valid and enforceable claims of the '325 patent, by, *inter alia*, doing or providing the capability for doing at least one of the following: (a) Generating and transmitting menus in a system including a central processing unit, a data storage device, a computer operating system containing a graphical user interface, one or more displayable main menus, modifier menus, and sub-modifier menus, and application software for generating a second menu and transmitting it to a wireless handheld computing device or a Web page; and/or (b) Enabling ticketing/ticket sales/ticket purchases, reservations and other hospitality functions via iPhone, Android, and other

**COMPLAINT FOR PATENT INFRINGEMENT**

internet-enabled wireless handheld computing devices as well as via Web pages, storing hospitality information and data on at least one central database, on at least one wireless handheld computing device, and on at least one Web server and Web page, and synchronizing applications and data, including but not limited to applications and data relating to reservations, between at least one central database, wireless handheld computing devices, and at least one Web server and Web page; utilizing an interface that provides a single point of entry that allows the synchronization of at least one wireless handheld computing device and at least one Web page with at least one central database; allowing information to be entered via Web pages, transmitted over the internet, and automatically communicated to at least one central database and to wireless handheld computing devices; allowing information to be entered via wireless handheld computing devices, transmitted over the internet, and automatically communicated to at least one central database and to Web pages.

37.     On information and belief, OpenTable has indirectly infringed and continues to indirectly infringe one or more valid and enforceable claims of the '325 patent, in violation of 35 U.S.C. § 271(b), by actively, knowingly, and intentionally inducing direct infringement by other persons, by making, using, offering for sale or license and/or selling or licensing infringing systems, products, and/or services in the United States without authority or license from Ameranth, including but not limited to the OpenTable System as defined herein. For example, OpenTable regularly advertises, promotes, and encourages the use of OpenTable's integrated system to restaurant owners/operators, and OpenTable's website, mobile website, and mobile apps to restaurant owners/operators and consumers. See, e.g., the references set forth in paragraph 20 herein.

38.     On information and belief, OpenTable infringes by its own actions and through, or in concert with, agents of OpenTable who are under the direction and control of OpenTable by virtue of contractual agreements between

**COMPLAINT FOR PATENT INFRINGEMENT**

OpenTable and such parties including, for example, restaurant owners/operators who benefit from reservations, mobile payments, and other uses of the OpenTable System.

39.     On information and belief, defendant OpenTable has indirectly infringed and continues to indirectly infringe one or more valid and enforceable claims of the '325 patent, in violation of 35 U.S.C. § 271(b), by actively, knowingly, and intentionally inducing direct infringement by other persons, including restaurant owners/operators and their customers.

40.     On information and belief, customers of OpenTable, including consumers, restaurant owners/operators, and others, use the OpenTable System in a manner that infringes upon one or more valid and enforceable claims of the '325 patent.  For example, the OpenTable System provides generated menus for selection of locations, restaurants, reservation times, and making restaurant reservations as encompassed by claims of the '325 patent, and synchronizes restaurant-reservation information between wireless handheld mobile devices including smartphones using OpenTable mobile apps and/or accessing OpenTable's website, desktop and laptop computers accessing OpenTable's website, and "back-office" databases and associated servers.  OpenTable provides instruction and direction regarding the use of the OpenTable System and advertises, promotes, and encourages the use of same to restaurant owners/ operators and consumers in a manner understood and intended to infringe Ameranth's patents.  See, e.g., the references set forth in paragraph 20 herein.

41.     On information and belief, OpenTable actively induces others to infringe the '325 patent in violation of 35 U.S.C. §271(b) by actively, knowingly and intentionally encouraging, aiding and abetting restaurant owners/operators, customers of OpenTable, and others, including consumers and those businesses and persons identified elsewhere in this complaint, to use the infringing OpenTable System in the United States without authority or license from

**COMPLAINT FOR PATENT INFRINGEMENT**

Ameranth in an manner that infringes Ameranth's patents. For example, OpenTable regularly advertises, promotes, and encourages the use of OpenTable's integrated system to restaurant owners/operators, and OpenTable's website, mobile website, and mobile apps to restaurant owners/operators and consumers. See, e.g., the references set forth in paragraph 20 herein.

42.     OpenTable has been aware of Ameranth's patent family which includes this patent well before the complaint in this action was filed. Two of the patents in this Ameranth patent family have been asserted in a prior action against OpenTable and other defendants filed on August 15, 2011, as noted above, and a subsequent action against OpenTable (on the '077 patent) was filed on March 27, 2012. Further, on information and belief, OpenTable had knowledge of Ameranth's patent family, including this patent, due to the widespread recognition Ameranth has received for its pioneering inventions as evidenced by the twelve different technology awards Ameranth has received, media recognition in The Wall Street Journal, New York Times, and USA Today, Bill Gates' nomination of Ameranth for the Computerworld Honors Award, and the numerous press releases Ameranth has issued over the years. OpenTable has thus obtained the level of knowledge required to support a claim for inducement of infringement regarding OpenTable's actions involving the OpenTable System as detailed herein.

43.     On information and belief, OpenTable contributorily infringes and continues to contributorily infringe one or more valid and enforceable claims of the '325 patent, in violation of 35 U.S.C. § 271(c), by making, using, offering to sell and/or selling components of systems on which claims of the '325 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '325 patent and therefore have no substantial non-infringing use.

44.     By making, distributing, selling, offering, offering to sell or license and/or selling or licensing the OpenTable System, OpenTable provides non-staple

**COMPLAINT FOR PATENT INFRINGEMENT**

articles of commerce to others, including those businesses and persons identified elsewhere in this complaint, for use in infringing systems, products, and/or services. Additionally, OpenTable provides instruction and direction regarding the use of the OpenTable System and advertises, promotes, and encourages the use of same in a manner understood and intended to infringe Ameranth's patents. For example, OpenTable regularly advertises, promotes, and encourages the use of OpenTable's integrated system to restaurant owners/operators, and OpenTable's website, mobile website, and mobile apps to restaurant owners/operators and consumers. See, e.g., the references set forth in paragraph 20 herein. Users of the OpenTable System directly infringe one or more valid and enforceable claims of the '325 patent, for the reasons set forth hereinabove.

45. OpenTable has been aware of Ameranth's patent family which includes this patent well before this complaint was filed. Two of the patents in this Ameranth patent family have been asserted in a prior action against OpenTable and other defendants filed on August 15, 2011, as noted above, and a subsequent action against OpenTable (on the '077 patent) was filed on March 27, 2012. Further, on information and belief, OpenTable had knowledge of Ameranth's patent family, including this patent, due to the widespread recognition Ameranth has received for its pioneering inventions as evidenced by the twelve different technology awards Ameranth has received, media recognition in The Wall Street Journal, New York Times, and USA Today, Bill Gates' nomination of Ameranth for the Computerworld Honors Award, and the numerous press releases Ameranth has issued over the years. OpenTable has thus obtained the level of knowledge required to support a claim for contributory infringement regarding OpenTable's actions involving the OpenTable System as detailed herein.

46. On information and belief, the aforesaid infringing activities of OpenTable have been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. §

**COMPLAINT FOR PATENT INFRINGEMENT**

285.  As detailed above, OpenTable has had knowledge of the patent family which includes this patent since at least August 2011, well before the filing of the complaint in this action.  Further, on information and belief, OpenTable was also aware of the Ameranth patents due to the widespread recognition Ameranth has received for its pioneering inventions as detailed above.  OpenTable has thus obtained the level of knowledge required to support a claim for willful infringement.  OpenTable's deliberate decision to continue its infringing activities after obtaining said knowledge constitutes objectively reckless behavior justifying a finding of willfulness.

47.     If OpenTable does not cease and desist the aforesaid infringing activities, and instead continues to infringe valid and enforceable claims of the '325 patent after the date of filing and/or service of this complaint, then such infringing actions will have been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

48.     The aforesaid infringing activity of OpenTable has directly and proximately caused damage to plaintiff Ameranth, including loss of profits from sales or licensing revenues it would have made but for the infringements.  Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

## COUNT III

**Patent Infringement (U.S. Pat. No. 6,982,733)**

**(35 U.S.C. § 271)**

49.     Plaintiff reiterates and reincorporates the allegations set forth in paragraphs 1-48 above as if fully set forth herein.

50.     On January 3, 2006, United States Patent No. 6,982,733 entitled "Information Management and Synchronous Communications System with Menu Generation, and Handwriting and Voice Modification of Orders" ("the '733

**COMPLAINT FOR PATENT INFRINGEMENT**

patent") (a true and correct copy of which is attached hereto as **Exhibit C**) was duly and legally issued by the USPTO. The '733 patent meets all patentability requirements of 35 U.S.C. §§101, 102, 103 and 112, including patent eligible subject matter, enablement, definiteness, novelty and non-obviousness, as evidenced by the USPTO's thorough review of the disclosure and claims of the '733 patent and allowance of the claims based on said review in light of all applicable law and USPTO rules and guidelines respecting patentability under Title 35.

51.     Plaintiff Ameranth is the lawful owner by assignment of all right, title and interest in and to the '733 patent.

52.     Siri is a speech-recognition and voice control/command application available on certain models of the Apple iPhone, iPod Touch and iPad. With iOS version 6.1, as of 2012, Siri is integrated with third-party systems/products/ services including, *inter alia*, the OpenTable System. Siri sends commands through a remote server using a wireless data connection.

53.     On information and belief, OpenTable directly infringes and continues to directly infringe one or more valid and enforceable claims of the '733 patent, in violation of 35 U.S.C. § 271(a), by making, using, offering for sale or license and/or selling or licensing infringing systems, products, and/or services in the United States without authority or license from Ameranth, including but not limited to the OpenTable System as defined herein.

54.     On information and belief, OpenTable has indirectly infringed and continues to indirectly infringe one or more valid and enforceable claims of the '733 patent, in violation of 35 U.S.C. § 271(b), by actively, knowingly, and intentionally inducing direct infringement by other persons, including restaurant owners/operators and their customers, by making, using, offering for sale or license and/or selling or licensing infringing systems, products, and/or services in the United States without authority or license from Ameranth, including but not

**COMPLAINT FOR PATENT INFRINGEMENT**

limited to the OpenTable System as configured for use with wireless mobile handheld computing devices/smartphones/tablets and other devices running iOS with Siri voice recognition capability. For example, OpenTable touted and promoted the Siri/OpenTable integration after Apple announced the launch of iOS 6.1.

55.     On information and belief, OpenTable infringes by its own actions and through, or in concert with, agents of OpenTable who are under the direction and control of OpenTable by virtue of contractual agreements between OpenTable and such parties including, for example, restaurant owners/operators who benefit from reservations and other uses of the OpenTable System.

56.     On information and belief, the OpenTable System as configured for use with wireless mobile handheld computing devices/smartphones running iOS with Siri voice recognition capability, as deployed and/or used at or from one or more locations by OpenTable, its agents, distributors, partners, affiliates, licensees, restaurant owners/operators, third-party businesses, and/or their customers, infringes one or more valid and enforceable claims of the '733 patent, by doing, or providing the capability for doing, at least one of the following: (a) Generating and transmitting menus in a system including a central processing unit, a data storage device connected to said central processing unit, an operating system including a graphical user interface, a first menu stored on said data storage device, application software for generating a second menu from said first menu and transmitting said second menu to a wireless handheld computing device or Web page, wherein the application software facilitates the generation of the second menu by allowing selection of items from the first menu, addition of items to the second menu and assignment of parameters to items in the second menu using the graphical user interface of said operating system, and said second menu is manually modified by voice recording or capture or recognition after generation; (b) Generating menus in a system including a central processing unit,

**COMPLAINT FOR PATENT INFRINGEMENT**

a data storage device connected to said central processing unit, an operating system including a graphical user interface, a first menu stored on said data storage device, application software for generating a second menu from said first menu wherein the application software facilitates the generation of the second menu by allowing selection of items from the first menu, addition of items to the second menu and assignment of parameters to items in the second menu using the graphical user interface of said operating system and wherein data comprising the second menu is synchronized between the data storage device connected to the central processing unit and at least one other computing device, and said second menu is manually modified by voice recording or capture or recognition after generation and/or (c) Generating menus in a system including a microprocessor, a display device, a data and instruction input device, a data storage device for storing information and instructions entered through said data and instruction input means or information generated by said microprocessor, an operating system, a master menu stored on said data storage device for generating a modified menu, and application software, wherein said microprocessor, operating system and application software are operative to display the master menu on the display device in response to instructions programmed into said microprocessor, operating system, application software and information and instructions entered through said data input device, and said microprocessor, operating system and application software are operative to create the modified menu from said master menu in response to information and instructions entered through said data and instruction input device and data comprising the modified menu is synchronized between the data storage device and at least one other computing device, wherein said modified menu is manually modified after generation.

57.     On information and belief, customers of OpenTable, including consumers, restaurant owners/operators, and others, use the OpenTable System as configured for use with wireless mobile handheld computing

**COMPLAINT FOR PATENT INFRINGEMENT**

devices/smartphones/tablets and other devices running iOS with Siri voice recognition capability in a manner that infringes upon one or more valid and enforceable claims of the '733 patent. For example, the OpenTable System provides generated menus for selection of locations, restaurants, reservation times, and making restaurant reservations as encompassed by claims of the '733 patent. OpenTable provides instruction and direction regarding the use of the OpenTable System as configured for use with wireless mobile handheld computing devices/smartphones/tablets and other devices running iOS with Siri voice recognition capability and advertises, promotes, and encourages the use of same. For example, OpenTable touted and promoted the Siri/OpenTable integration after Apple announced the launch of iOS 6.1.

58.     On information and belief, OpenTable actively induces others to infringe the '733 patent in violation of 35 U.S.C. §271(b) by actively, knowingly and intentionally encouraging, aiding and abetting restaurant owners/operators, customers of OpenTable, and others, including consumers and those businesses and persons identified elsewhere in this complaint, to use the infringing OpenTable System as configured for use with wireless mobile handheld computing devices/smartphones/tablets and other devices running iOS with Siri voice recognition capability in the United States without authority or license from Ameranth in a manner understood and intended to infringe Ameranth's patents. For example, OpenTable is integrated with Apple/Siri for restaurant reservations. *See, e.g*:

http://www.pcmag.com/slideshow_viewer/0,3253,l=248141&a=248134&po=8,00.asp. Further, OpenTable touted and promoted the Siri/OpenTable integration after Apple announced the launch of iOS 6.1.

59.     OpenTable has been aware of Ameranth's patent family which includes this patent well before the complaint in this action was filed. Two of the patents in this Ameranth patent family have been asserted in a prior action against

**COMPLAINT FOR PATENT INFRINGEMENT**

OpenTable and other defendants filed on August 15, 2011, as noted above, and a subsequent action against OpenTable (on the '077 patent) was filed on March 27, 2012. Further, on information and belief, OpenTable had knowledge of Ameranth's patent family, including the '733 patent, due to the widespread recognition Ameranth has received for its pioneering inventions as evidenced by the twelve different technology awards Ameranth has received, media recognition in The Wall Street Journal, New York Times, and USA Today, Bill Gates' nomination of Ameranth for the Computerworld Honors Award, and the numerous press releases Ameranth has issued over the years. OpenTable has thus obtained the level of knowledge required to support a claim for inducement of infringement regarding OpenTable's actions involving the OpenTable System as detailed herein.

60. On information and belief, OpenTable contributorily infringes and continues to contributorily infringe one or more valid and enforceable claims of the '733 patent, in violation of 35 U.S.C. § 271(c), by making, using, offering to sell and/or selling components of systems on which claims of the '733 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '733 patent and therefore have no substantial non-infringing use.

61. By making, distributing, selling, offering, offering to sell or license and/or selling or licensing the OpenTable System as configured for use with wireless mobile handheld computing devices/smartphones/tablets and other devices running iOS with Siri voice recognition capability, OpenTable provides non-staple articles of commerce to others, including those businesses and persons identified elsewhere in this complaint, for use in infringing systems, products, and/or services. Additionally, OpenTable provides instruction and direction regarding the use of the OpenTable System as configured for use with wireless mobile handheld computing devices/smartphones running iOS with Siri voice

recognition capability and advertises, promotes, and encourages the use of same in a manner understood and intended to infringe Ameranth's patents. For example, OpenTable touted and promoted the Siri/OpenTable integration after Apple announced the launch of iOS 6.1. Users of the OpenTable System directly infringe one or more valid and enforceable claims of the '733 patent, for the reasons set forth hereinabove.

62. OpenTable has been aware of Ameranth's patent family which includes this patent well before the complaint in this action was filed. Two of the patents in this Ameranth patent family have been asserted in a prior action against OpenTable and other defendants filed on August 15, 2011, as noted above, and a subsequent action against OpenTable (on the '077 patent) was filed on March 27, 2012. Further, on information and belief, OpenTable had knowledge of Ameranth's patent family, including the '733 patent, due to the widespread recognition Ameranth has received for its pioneering inventions as evidenced by the twelve different technology awards Ameranth has received, media recognition in The Wall Street Journal, New York Times, and USA Today, Bill Gates' nomination of Ameranth for the Computerworld Honors Award, and the numerous press releases Ameranth has issued over the years. OpenTable has thus obtained the level of knowledge required to support a claim for contributory infringement regarding OpenTable's actions involving the OpenTable System as configured for use with wireless mobile handheld computing devices/smartphones/tablets and other devices running iOS with Siri voice recognition capability as detailed herein.

63. On information and belief, the aforesaid infringing activities of OpenTable have been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. § 285. As detailed above, OpenTable has had knowledge of the patent family which includes the '733 patent since at least August 2011, well before the filing of the

complaint in this action.  Further, on information and belief, OpenTable was also aware of the Ameranth patents due to the widespread recognition Ameranth has received for its pioneering inventions as detailed above.  OpenTable has thus obtained the level of knowledge required to support a claim for willful infringement.  OpenTable's deliberate decision to continue its infringing activities after obtaining said knowledge constitutes objectively reckless behavior justifying a finding of willfulness.

64.     If OpenTable does not cease and desist the aforesaid infringing activities, and instead continues to infringe valid and enforceable claims of the '733 patent after the date of filing and/or service of this complaint, then such infringing actions will have been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

65.     The aforesaid infringing activity of OpenTable has directly and proximately caused damage to plaintiff Ameranth, including loss of profits from sales or licensing revenues it would have made but for the infringements.  Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

**COUNT IV**

**Patent Infringement (U.S. Pat. No. 8,146,077)**

**(35 U.S.C. § 271)**

66.     Plaintiff reiterates and incorporates the allegations set forth in paragraphs 1-65 above as if fully set forth herein.

67.     On March 27, 2012, United States Patent No. 8,146,077 entitled "Information Management and Synchronous Communications System with Menu Generation, and Handwriting and Voice Modification of Orders" (a true copy of which is attached hereto as **Exhibit D** and incorporated herein by reference) was duly and legally issued by the USPTO.  The '077 patent meets all patentability

requirements of 35 U.S.C. §§101, 102, 103 and 112, including patent eligible subject matter, enablement, definiteness, novelty and non-obviousness, as evidenced by the USPTO's thorough review of the disclosure and claims of the '077 patent and allowance of the claims based on said review in light of all applicable law and USPTO rules and guidelines respecting patentability under Title 35.

68.     Plaintiff Ameranth is the lawful owner by assignment of all right, title and interest in and to the '077 patent.

69.     On information and belief, Defendant directly infringes and continues to directly infringe one or more valid and enforceable claims of the '077 patent, in violation of 35 U.S.C. § 271(a), by making, using, offering for sale or license and/or selling or licensing infringing systems, products, and/or services in the United States without authority or license from Ameranth, including but not limited to the OpenTable System.

70.     On information and belief, the OpenTable System, as deployed and/or used at or from one or more locations by OpenTable, its agents, distributors, partners, affiliates, licensees, and/or their customers, infringes one or more valid and enforceable claims of the '077 patent, by, *inter alia*, enabling reservations and other hospitality functions via iPhone, Android, and other internet-enabled wireless handheld computing devices as well as via Web pages, storing hospitality information and data on at least one database, on at least one wireless handheld computing device, and on at least one Web server and Web page, and synchronizing applications and data, including but not limited to applications and data relating to orders, between at least one database, wireless handheld computing devices, and at least one Web server and Web page; utilizing communications control software enabled to link and synchronize hospitality information between at least one database, wireless handheld computing device, and web page, to display information on web pages and on different wireless

**COMPLAINT FOR PATENT INFRINGEMENT**

handheld computing device display sizes, and to allow information to be entered via Web pages, transmitted over the internet, and automatically communicated to at least one database and to wireless handheld computing devices; allowing information to be entered via wireless handheld computing devices, transmitted over the internet, and automatically communicated to at least one database and to Web pages.

71.     On information and belief, OpenTable has indirectly infringed and continues to indirectly infringe one or more valid and enforceable claims of the '077 patent, in violation of 35 U.S.C. § 271(b), by actively, knowingly, and intentionally inducing direct infringement by other persons, including restaurant owners/operators and their customers, by making, using, offering for sale or license and/or selling or licensing infringing systems, products, and/or services in the United States without authority or license from Ameranth, including but not limited to the OpenTable System as defined herein.  For example, OpenTable regularly advertises, promotes, and encourages the use of OpenTable's  integrated system to restaurant owners/operators, and OpenTable's website, mobile website, and mobile apps to restaurant owners/operators and consumers in a manner understood and intended to infringe Ameranth's patents.  See, e.g., the references set forth in paragraph 20 herein.

72.     On information and belief, OpenTable infringes by its own actions and through, or in concert with, agents of OpenTable who are under the direction and control of OpenTable by virtue of contractual agreements between OpenTable and such parties including, for example, restaurant owners/operators who benefit from reservations, mobile payments, and other uses of the OpenTable System.

73.     On information and belief, defendant OpenTable has indirectly infringed and continues to indirectly infringe one or more valid and enforceable

**COMPLAINT FOR PATENT INFRINGEMENT**

1  claims of the '077 patent, in violation of 35 U.S.C. § 271(b), by actively,

2  knowingly, and intentionally inducing direct infringement by other persons.

3      74.    On information and belief, customers of OpenTable, including

4  consumers, restaurant owners/operators, and others, use the OpenTable System in

5  a manner that infringes upon one or more valid and enforceable claims of the '077

6  patent.  For example, the OpenTable System provides generated menus for

7  selection of locations, restaurants, reservation times, and making restaurant

8  reservations as encompassed by claims of the '077 patent, and synchronizes

9  restaurant-reservation information between wireless handheld mobile devices

10  including smartphones using OpenTable mobile apps and/or accessing

11  OpenTable's website, desktop and laptop computers accessing OpenTable's

12  website, and "back-office" databases and associated servers.  OpenTable provides

13  instruction and direction regarding the use of the OpenTable System and

14  advertises, promotes, and encourages the use of same to restaurant

15  owners/operators and consumers in a manner understood and intended to infringe

16  Ameranth's patents.

17      75.    On information and belief, OpenTable actively induces others to

18  infringe the '077 patent in violation of 35 U.S.C. §271(b) by actively, knowingly

19  and intentionally encouraging, aiding and abetting restaurant owners/operators,

20  customers of OpenTable, and others, including consumers and those businesses

21  and persons identified elsewhere in this complaint, to use the infringing

22  OpenTable System in the United States without authority or license from

23  Ameranth in a manner understood and intended to infringe Ameranth's patents.

24  For example, OpenTable regularly advertises, promotes, and encourages the use

25  of OpenTable's integrated system to restaurant owners/operators, and

26  OpenTable's website, mobile website, and mobile apps to restaurant

27  owners/operators and consumers.  See, e.g., the references set forth in paragraph

28  20 herein.

**COMPLAINT FOR PATENT INFRINGEMENT**

76.     OpenTable has been aware of Ameranth's patent family which includes this patent well before the complaint in this action was filed. Two of the patents in this Ameranth patent family have been asserted in a prior action against OpenTable and other defendants filed on August 15, 2011, as noted above, and a subsequent action against OpenTable (on the '077 patent) was filed on March 27, 2012. Further, on information and belief, OpenTable had knowledge of Ameranth's patent family, including this patent, due to the widespread recognition Ameranth has received for its pioneering inventions as evidenced by the twelve different technology awards Ameranth has received, media recognition in The Wall Street Journal, New York Times, and USA Today, Bill Gates' nomination of Ameranth for the Computerworld Honors Award, and the numerous press releases Ameranth has issued over the years. OpenTable has thus obtained the level of knowledge required to support a claim for inducement of infringement regarding OpenTable's actions involving the OpenTable System as detailed herein.

77.     On information and belief, OpenTable contributorily infringes and continues to contributorily infringe one or more valid and enforceable claims of the '077 patent, in violation of 35 U.S.C. § 271(c), by making, using, offering to sell and/or selling components of systems on which claims of the '077 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '077 patent and therefore have no substantial non-infringing use.

78.     By making, distributing, selling, offering, offering to sell or license and/or selling or licensing the OpenTable System, OpenTable provides non-staple articles of commerce to others, including those businesses and persons identified elsewhere in this complaint, for use in infringing systems, products, and/or services. Additionally, OpenTable provides instruction and direction regarding the use of the OpenTable System and advertises, promotes, and encourages the use of same in a manner understood and intended to infringe Ameranth's patents.

**COMPLAINT FOR PATENT INFRINGEMENT**

For example, OpenTable regularly advertises, promotes, and encourages the use of OpenTable's integrated system to restaurant owners/operators, and OpenTable's website, mobile website, and mobile apps to restaurant owners/operators and consumers.  See, e.g., the references set forth in paragraph 20 herein.  Users of the OpenTable System directly infringe one or more valid and enforceable claims of the '077 patent, for the reasons set forth hereinabove.

79.     OpenTable has been aware of Ameranth's patent family which includes this patent well before this complaint was filed.  Two of the patents in this Ameranth patent family have been asserted in a prior action against OpenTable and other defendants filed on August 15, 2011, as noted above, and a subsequent action against OpenTable (on the '077 patent) was filed on March 27, 2012.  Further, on information and belief, OpenTable had knowledge of Ameranth's patent family, including this patent, due to the widespread recognition Ameranth has received for its pioneering inventions as evidenced by the twelve different technology awards Ameranth has received, media recognition in The Wall Street Journal, New York Times, and USA Today, Bill Gates' nomination of Ameranth for the Computerworld Honors Award, and the numerous press releases Ameranth has issued over the years.  OpenTable has thus obtained the level of knowledge required to support a claim for contributory infringement regarding OpenTable's actions involving the OpenTable System as detailed herein.

80.     On information and belief, the aforesaid infringing activities of OpenTable have been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.  As detailed above, OpenTable has had knowledge of the patent family which includes this patent since at least August 2011, well before the filing of the complaint in this action.  Further, on information and belief, OpenTable was also aware of the Ameranth patents due to the widespread recognition Ameranth has received for its pioneering inventions as detailed above.  OpenTable has thus

**COMPLAINT FOR PATENT INFRINGEMENT**

obtained the level of knowledge required to support a claim for willful infringement. OpenTable's deliberate decision to continue its infringing activities after obtaining said knowledge constitutes objectively reckless behavior justifying a finding of willfulness.

81. If OpenTable does not cease and desist the aforesaid infringing activities, and instead continues to infringe valid and enforceable claims of the '077 patent after the date of filing and/or service of this complaint, then such infringing actions will have been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

82. The aforesaid infringing activity of OpenTable has directly and proximately caused damage to plaintiff Ameranth, including loss of profits from sales or licensing revenues it would have made but for the infringements. Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Ameranth respectfully prays for judgment against Defendant OpenTable, as follows:

1. Adjudging that the manufacture, use, offer for sale or license and /or sale or license of the OpenTable System infringes valid and enforceable claims of the '850, '325, '733, and '077 patents, as set forth hereinabove;

2. Adjudging that Defendant has infringed, actively induced others to infringe and/or contributorily infringed valid and enforceable claims of the '850, '325, '733, and '077 patents, as set forth hereinabove;

3. Adjudging that Defendant's infringement of the valid and enforceable claims of the '850, '325, '733, and '077 patents has been knowing and willful;

**COMPLAINT FOR PATENT INFRINGEMENT**

4.      Enjoining Defendant, and its officers, directors, employees, attorneys, agents, representatives, parents, subsidiaries, affiliates and all other persons acting in concert, participation or privity with Defendant, and their successors and assigns, from infringing, contributorily infringing and/or inducing others to infringe the valid and enforceable claims of the '850, '325, '733, and '077 patents;

5.      Awarding Ameranth the damages it has sustained by reason of Defendant's infringement, together with interest and costs pursuant to 35 U.S.C. § 284;

6.      Awarding Ameranth increased damages of three times the amount found or assessed against Defendant by reason of the knowing, willful and deliberate nature of Defendant's acts of infringement pursuant to 35 U.S.C. § 284;

7.      Adjudging this to be an exceptional case and awarding Ameranth its attorney's fees pursuant to 35 U.S.C. §285;

8.      Awarding to Ameranth its costs of suit, and interest as provided by law; and

9.      Awarding to Ameranth such other and further relief that this Court may deem just and proper.

/ / /

/ / /

/ / /

**COMPLAINT FOR PATENT INFRINGEMENT**

## **DEMAND FOR JURY TRIAL**

Ameranth demands trial by jury of its claims set forth herein to the maximum extent permitted by law.

Respectfully submitted,

Dated: August 8, 2013                    CALDARELLI HEJMANOWSKI & PAGE LLP

By:*/s/ William J. Caldarelli*
                    William J. Caldarelli
                    Ben West

FABIANO LAW FIRM, P.C.
Michael D. Fabiano

OSBORNE LAW LLC
John W. Osborne

WATTS LAW OFFICES
Ethan M. Watts

**Attorneys for Plaintiff AMERANTH, INC.**

**COMPLAINT FOR PATENT INFRINGEMENT**